IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA
MIAMI DIVISION

FELIX GONZALEZ QUEVEDO AND

SARAH K. COUPER,

    Plaintiffs,                              CASE NO.: 4:20-cv-10028-JLK

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.

_____/

### ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT/PETITION FOR DECLARATORY RELIEF

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint/Petition for Declaratory Relief [DE 30]. The Court has also considered the response and reply briefs [DE 35, 39], the pertinent portions of the record, and held oral argument on February 24, 2021.

### I.    BACKGROUND

On October 18, 2019, Plaintiffs filed a breach of contract action against Lexington in state court alleging that Lexington failed to fully indemnify Plaintiffs for the loss sustained to the property due to Hurricane Irma. [DE1]. Lexington removed the case to Federal Court on March 27, 2020 [DE 1]. Lexington filed its Answer and Affirmative Defenses on October 1, 2020 [DE 16]. On November 19, 2020 Plaintiffs filed an Amended Complaint/ Petition for Declaratory Relief. [DE25]. The Amended Complaint alleges that Lexington issued to Plaintiffs a certain homeowner's insurance policy bearing number 21137606 for the Property (the "Policy") [Id at ¶ 11] but Petitioner remains in doubt as its rights and obligations under said policy [Id at ¶ 30].

## II. LEGAL STANDARD

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under Federal Rule of Civil Procedure 12(b)(6), to survive a motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, a claim must be "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (*citing Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

While the allegations in the complaint are assumed to be true, the allegations must amount to more than mere labels and conclusions or a mere formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 545.  Legal conclusions are not entitled to an assumption of truth. *Iqbal*, 129 S.Ct. at 1949-50. However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements…" *Iqbal*, 129 S. Ct. at 1949. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at 563.

### III.  DISCUSSION

Plaintiffs filed a Petition for Declaratory Relief under Florida's Declaratory Judgment Act, Florida Statutes Chapter 86.  The elements required under the federal or state declaratory judgment acts are not materially different. *Compare Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d 1342 (11th Cir. 1999), with *Floyd v. Guardian Life Ins. Co.,* 415 So. 2d 103, 104 (Fla. 3d DCA 1982). *See also Nirvana Condo. Ass'n v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336 (S.D. Fla. 2008). For the purposes of the instant case, regardless of whether this Court applies Florida's Declaratory Judgment Act or the Federal Declaratory Judgment Act, this Court has discretion to accept or decline the request for declaratory judgment.

In this case, Plaintiffs allege they are in doubt as to their rights and obligations per the policy of insurance and seek declaratory relief [DE25 ¶30].  Defendant argues that Plaintiffs have not pled a proper request for declaratory relief, as neither Florida's Declaratory Judgment Act nor the Federal Declaratory Judgment Act entitles Plaintiffs to a declaration of rights regarding purely factual questions [DE 30].

An action for declaratory relief will not lie where the contract is clear and unambiguous and presents no need for construction.  See *Bergh v. Canadian Universal Insurance Company*, 216 So.2d 436 (Fla.1969); see also *Johnson v. Atlantic National Insurance Company*, 155 So.2d 886 (Fla. 3d DCA 1963).  Mere doubt resulting from disputed questions of fact, rather than a contractual ambiguity, is not sufficient.  *Barrett v. Pickard*, 85 So. 2d 630 (Fla. 1956).  In the instant case, Plaintiffs did not question the construction or validity of any specific portion of the Policy in their Petition for Declaratory Relief.  The allegations stated in the Petition for Declaratory Relief are questions of fact better left to the jury to decide.  Therefore, Plaintiffs

have not alleged sufficient facts to establish the existence of an actual controversy regarding the construction or the validity of the Policy and, therefore, have failed to plead a viable cause of action for declaratory relief.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant Lexington Insurance Company's Motion to Dismiss the Amended Complaint/Petition for Declaratory Relief [DE 30] be, and the same is, hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at the James King Federal Justice Building and United States Courthouse, Miami, Florida this 11th day of March, 2021.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record